IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MARY ANN RAYBURN, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:07-00843 |
| | ) | JUDGE HAYNES |
| v. | ) | |
| | ) | |
| STATE OF TENNESSEE, | ) | |
| TENNESSEE DEPARTMENT OF | ) | |
| CORRECTIONS, (by and through | ) | |
| George Little, its Commissioner) and | ) | |
| Riverbend Maximum Security | ) | |
| institution, (by and through Ricky J. Bell, | ) | |
| its Warden, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

Plaintiff, Mary Ann Rayburn, filed this action under Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e et seq. against the Defendants: the State of Tennessee, the Tennessee Department of Corrections ("TDOC"), George Little, its Commissioner and Riverbend Maximum Security Institution ("RMSI"), and Ricky J. Bell, RMSI's warden. Plaintiff alleges illegal sex discrimination when other similarly situated male employees with injuries wee permitted to return to work, but Plaintiff, a female, was not allowed to do so.

In earlier proceedings, the Court denied the Defendant's motion to dismiss. (Docket Entry No. 11). Plaintiff filed a motion for a bench trial on Mach 6, 2009 (Docket Entry No. 13) that the Court granted. (Docket Entry No. 15).

Before the Court is the Defendant's motion for summary judgment (Docket Entry No. 17) to which, Plaintiff responded only with second motion for a bench trial, including some factual assertions about the Defendants' proof. (Docket Entry No. 21). Defendant contends, in essence

that Plaintiff cannot identify any similarly situated male employees who were treated differently.

Plaintiff acknowledges that her physician informed her in 2006 that she would have permanent physical restrictions, that barred her from kneeling or squatting, with climbing stairs only to tolerance. Plaintiff asserts that male employee Terry Austin returned to work after suffering broken legs as a result of a motorcycle crash, and had five pens in his leg, but was allowed to work. Plaintiff alleges that another male employee Scott Burke returned to work after suffering injuries after being assaulted and has a handicapped sticker for his vehicle. Plaintiff alleges that, Officer Fuller, male employee, returned to work after suffering injuries after being assaulted. Fuller's physician did not set restrictions. (Docket Entry No. 20-1). Austin's physician did not set restrictions. (Docket Entry No. 20-2). Burke returned to work, but without a physician's restrictions. (Docket Entry No. 20-3).

TDOC Policy 305.06 provides that the "duties of correctional officers may require physical exertion involving prolonged walking and standing, running, lifting, balancing, climbing, stopping, restraining or carrying inmates in emergencies, and participating in the return of escapes, which may involve stress." Under this policy, employees "must be free from such physical and/or psychological defects or disease that may constitute employment hazards to them or others, and be capable of efficiently performing the duties of their position." Id. A "[f]ailure of either one of the two sections of the qualification requirements shall be grounds for non-selection or termination." Id.

Upon a motion for summary judgment, the factual contentions are viewed in the light most favorable to the party opposing the motion for summary judgment. Duchon v. Cajon Co., 791 F.2d 43, 46 (6th Cir. 1986). Upon the filing of a motion for summary judgment, the

2

opposing party must come forth with sufficient evidence to withstand a motion for directed verdict, Anderson v. Liberty Lobby, 477 U.S. 242, 247-52 (1986), particularly where there has been an opportunity for discovery. Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986). From a review of the record, there are not any material factual disputes.

Under Title VII, 42 U.S.C. § Section 2000e(2) an employer:

(1) to fail or refuse to hire or to discharge any individual, or to otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or;

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive any individual of employment opportunities or to otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex or national origin.

Plaintiff's lack of direct evidence of sex discrimination means that the burden-shifting framework in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) controls. Thus, Plaintiff must first produce sufficient evidence to make a prima facie showing of discrimination. Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133, 142 (2000). If Plaintiff satisfies this burden, Defendants must produce some evidence of legitimate, nondiscriminatory reason for Plaintiff's termination. Id. Once the Defendants make this showing, Plaintiff must then submit evidence that the Defendants' allegedly legitimate reason is a pretext for discrimination. Reeves, 530 U.S. at 143.

Here, Plaintiff admits that her physician imposed permanent physical restrictions upon her that precluded her kneeling or squatting, and climbing stairs only "to tolerance." With these limitations, TDOC's employment standards precluded Plaintiff's continued employment as a correctional officer. In any event, Plaintiff does not identify male employees whose physical

3

restrictions "similarly situated in all respects." Mitchell v. Toledo Hosp., 964 F.2d 577, 583 (6th Cir. 1992). "[T]o be deemed 'similarly situated,' the individuals with whom the plaintiff seeks to compare his/her treatment must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." Id.

Plaintiff cites three male officers, Austin, Burke and Fuller, who suffered injuries, but returned to work. The medical records of these male employees reflect that they were released without any physical restriction for their return to work. These employees did not have permanent physical restrictions. Plaintiff has not presented any proof to contest these medical determinations. Thus, these three male employees are not similarly situated for Plaintiff's Title VII claim.

Thus, the Defendants motion for summary judgment should be granted.

An appropriate Order is filed herewith.

**ENTERED** this the \_\_\_\_\_ day of November, 2009.

WILLIAM J. HAYNES, JR.
United States District Judge